IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00314-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**QUINCY CUMMINGS**,

        Defendant.

_____

**UNOPPOSED MOTION TO VACATE AND RESET STATUS CONFERENCE AND EXCLUDE 45 DAYS FROM SPEEDY TRIAL PURSUANT TO 18 U.S.C. § 3161**
_____

        Defendant Quincy Cummings, through counsel, Brian R. Leedy, Assistant Federal Public Defender, and unopposed by counsel for the government, respectfully requests that the Court vacate the status conference set for September 16, 2015, and exclude 45 days from the Speedy Trial Computation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  In support thereof, Mr. Cummings would show as follows:

        On August 5, 2013, an indictment was filed charging Mr. Cummings with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g).  Doc. 2.  An arrest warrant was issued on the same day and Mr. Cummings was arrested in Nebraska on November 13, 2013.  Doc. 4.  Mr. Cummings went through Rule 5 proceedings in Nebraska and was committed to the District of Colorado, however, he was not transported to this jurisdiction at that time.  Doc. 8.  He was re-arrested on August 14, 2015, and brought to this jurisdiction via writ.  Docs. 14,15.  Undersigned counsel entered his appearance on August 17, 2015.  Doc. 18.

Undersigned counsel received initial discovery on August 19, 2015, and anticipates receiving additional discovery within one week of this filing. The additional discovery is believed to include a search warrant which counsel is required to review in advance of filing pretrial motions. Counsel requires additional time before the deadline for pretrial motions and the trial date to review discovery, receive additional discovery, confer with Mr. Cummings who is detained, conduct investigation, research potential motions issues, and prepare for trial.

Mr. Cummings respectfully requests that the Court vacate the current status conference, exclude 45 days from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and reset the status conference in order to allow undersigned counsel sufficient time to adequately prepare for any pretrial proceeding, as well as trial itself, based on date of counsel's appointment and receipt of discovery. The ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(iv) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in a

case . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(vi).

In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992)).

In *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987), the Circuit outlined certain factors to consider when weighing whether a denial of a continuance is arbitrary or reasonable. These factors include the following: (1) The diligence of the party requesting the continuance; (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) The need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Counsel has and will continue to exercise diligence, and due to the timing of his appointment and discovery disclosures counsel will not have the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

This request is unopposed, and there is no information to suggest that the government or its witnesses would be inconvenienced by this request. Counsel is unaware of any inconvenience that will result to this Court as a result of this requested continuance, but Counsel respectfully cannot presume in any given instance that the Court would or would not be inconvenienced by this request. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.

The need for additional time in this case is great. Were the 70-day time frame followed here, counsel for the Defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel cannot, even with due diligence, within the 70-day speedy trial time clock, prepare for trial. The harm that would result by this Court's denial of this motion would be great as well, as it would deprive the defendant of adequate and competent counsel. Without the requested relief, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

Under the factors set forth in *West, supra*, as well as the teachings of *Williams, supra, United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

4

WHEREFORE because counsel would be unable to adequately prepare for pretrial proceedings or the trial itself without the normal speedy trial limits, Mr. Cummings, through counsel, respectfully move this Court for an order vacating and resetting the status conference and excluding 45 days from the speedy trial calculation.

        s/Brian R. Leedy_____
        BRIAN R. LEEDY
        Assistant Federal Public Defender
        633 Seventeenth Street, Suite 1000
        Denver, Colorado  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Email:  Brian_Leedy@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2015, I electronically filed the foregoing

**UNOPPOSED MOTION TO VACATE AND RESET STATUS CONFERENCE AND EXCLUDE 45 DAYS FROM SPEEDY TRIAL PURSUANT TO 18 U.S.C. § 3161**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Mark J. Barrett
    Assistant U.S. Attorney
    Email:  mark.barrett@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Quincy Cummings  (U.S. Mail)


    s/Brian R. Leedy_____
    BRIAN R. LEEDY
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Brian_Leedy@fd.org
    Attorney for Defendant