IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00314-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**QUINCY CUMMINGS,**

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Mark Barrett, Assistant United States Attorney for the District of Colorado, and the defendant, Quincy Cummings, personally and by counsel, Brian Leedy, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I. AGREEMENT

### A.  *Defendant's Plea of Guilty:*

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

### B.  *Government's Obligations:*

In exchange for the defendant's plea of guilty, the United States agrees to (1) recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §3C1.1 and 3E1.1, comment (note 4) between the time of the



guilty plea and sentencing; and 2) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) agree that a sentence of 39 months imprisonment, followed by 3 years of supervised release is the appropriate disposition of the case.[1]

### C.   Defendant's Abandonment of Right, Title and Claim to Seized Property—Firearms and Ammunition

The defendant hereby agrees that any firearms and/or ammunitions defined in 18 U.S.C. § 921, seized from the defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C § 924(d) and/or that the firearms and/or ammunitions constitute evidence, contraband, or fruits of the crime to which the defendant has pleaded guilty.  Accordingly, the defendant relinquishes all claim, title and interest he has in the firearm and the ammunition found to the United States with the agreement and consent that the Court, upon approval of this Plea Agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or any other appropriate agency, to destroy the firearm and/or ammunition forthwith without further obligation or duty whatsoever owing to the defendant or any other person.  The defendant waives any right he may have had to receive notice or a hearing with respect to any motion,

---

[1] The parties have reached this disposition due to Mr. Cummings agreement not to pursue motions for dismissal based on post-indictment delay pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972), *Doggett v. United States*, 505 U.S. 647 (1992), and the Sixth Amendment of the United States Constitution, and suppression pursuant to the Fourth Amendment of the United States Constitution.

pleading, order, or any other action that the United States might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the property described above. The defendant is the sole and rightful owner of and freely and voluntarily relinquishes all rights, title, and claim to the firearm and ammunition.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*: The defendant knowingly possessed a firearm;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: Before the defendant possessed the firearm, the firearm had moved across state lines.

Note: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of

probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court=s guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court=s overall sentencing decision.

The parties agree the facts are as follows.  On February 15, 2013, at approximately 8:38 p.m., members of the Aurora Police Narcotics Unit and SWAT team executed a search warrant at 1435 North Kingston Street #8, City of Aurora, County of Arapahoe, in Colorado.  Aurora Police Investigator Barchetti, currently

assigned to the Special Operations Bureau, Narcotics Section was in a position of surveillance at that location. Investigator Barchetti observed a black male exit the door to 1435 North Kingston Street apartment #8 as the SWAT team approached the door. SWAT Officer Edwards, Aurora Police DART Officer Alscher, and Investigator Barchetti all observed this male, later positively identified as Quincy CUMMINGS, carrying a black duffel bag. As soon as CUMMINGS exited the apartment, CUMMINGS was contacted by Officer Alscher, who immediately detained CUMMINGS at the door. CUMMINGS dropped the duffel bag and the SWAT team then entered the apartment. Officer Alscher spoke with CUMMINGS and asked him if he could search his person.

Upon the execution of the search warrant, Investigator Barchetti searched the black duffle bag, which CUMMINGS had possessed and dropped. Investigator Barchetti located in the bag's front pocket a Colt .38 Detective Special revolver bearing serial number P34133 and containing six (6) live rounds of Remington Anns .38 special ammunition in the revolver's cylinder.

Investigator Sweeney then advised CUMMINGS of his Miranda Warning from an Aurora Police Advisement of Rights form. CUMMINGS also signed the form and CUMMINGS stated he was willing to speak with Investigator Sweeney without legal representation. CUMMINGS then told Investigator Sweeney that the gun that was inside the bag belongs to Coleman's brother, Ladell. CUMMINGS stated that he has handled

the gun in the past and that his fingerprints would be on the gun. CUMMINGS stated that he packed some clothing into the aforementioned bag prior to being contacted but did not know the gun was inside the bag.

Prior to the date of offense, Mr. Cummings had been convicted of crimes punishable by more than one year in custody, and was prohibited from possessing a firearm.  Before Mr. Cummings possessed the firearm it had traveled in or affected interstate commerce. Further, the firearm will expel a projectile with the action of an explosive.

Mr. Cummings was indicted on August 5, 2013, and an arrest warrant was issued on the same day.  He was arrested in Nebraska on November 12, 2013, while in custody on state charges, and the following day he participated in Rule 5 proceedings. He waived his rights under Rule 20, and reserved the right to contest detention upon his arrival in Colorado.  The USMS was ordered to transport him to Colorado.  However, he was released from custody without being transported.  On December 11, 2014, the arrest warrant was reissued.  On April 8, 2015, a writ was requested, and on August 14, 2015, Mr. Cummings was again arrested.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base guideline is § 2K2.1(a)(4), with a base offense level of 20.

    B.    None of the specific offense characteristics in § 2K2.1(b) apply.

    C.    The defendant should receive a 3-level adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be 17.

    D.    The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. The parties' estimate of the defendant's criminal history category may be as high as is a **VI**.

    H.    Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

    I.    <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of 17 and the above criminal history category VI is 51-63 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 24 months (bottom of Category I) to 63 months (top of Category VI). In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

    I.    Pursuant to guideline § 5E1.2, assuming the estimated offense level

7

above, the fine range for this offense would be $5,000 to $50,000 plus applicable interest and penalties.

J.      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

## VII.  ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11/16/15

Quincy Cummings
Defendant

Date: 11/16/15

Bryan Leedy
Attorney for Defendant

Date: 11/18/15

Mark Barrett
Attorney for the United States