IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00314-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**QUINCY CUMMINGS**,

       Defendant.

_____

## UNOPPOSED MOTION FOR A VARIANT
## SENTENCE OF 39 MONTHS IMPRISONMENT

_____

      Mr. Cummings, through counsel, and unopposed by the government pursuant to the "Plea Agreement" (Doc. 39), respectfully requests the imposition of a sentence of 39 months imprisonment, which varies downward from the advisory guideline range. As grounds he states as follows:

      On February 15, 2013, Aurora Police executed a search warrant at the residence of Juanita Coleman, in Aurora, Colorado.  An officer conducting surveillance saw Mr. Cummings exit the residence as other officers approached the door.  Mr. Cummings was carrying a black duffle bag and was immediately detained. Mr. Cummings dropped the duffle bag and upon execution of the search warrant officers searched the black duffle bag, and located a firearm and ammunition.  Upon his arrest Mr. Cummings told law enforcement that the gun belonged to Coleman's brother, however, that he had handled the gun in the past.

In 2008, Mr. Cummings was convicted of habitual domestic violence and in 2010, he was convicted of felony possession of a controlled substance with the intent to distribute, both of which rendered him prohibited from possessing firearms in February of 2013.  The longest sentence of incarceration he has received to date is 24 months.

Mr. Cummings was originally charged with possession of a weapon by a previous offender in Arapahoe County, Colorado, Case Number 2013CR350.  **Attachment A** – Docket Report 2013CR350.  He posted bond in that matter on February 26, 2013, however, the case was dismissed on August 9, 2013, 4 days after he was indicted federally.

The offense conduct is 3 years old and Mr. Cummings was indicted 2 ½ years ago, on August 5, 2013.  An arrest warrant was issued on the same day, and Mr. Cummings was arrested in Nebraska on November 12, 2013, while in custody on state charges.  The following day he participated in Rule 5 proceedings.  He waived his rights under Rule 20, and reserved the right to contest detention upon his arrival in Colorado.  The USMS was ordered to transport him to Colorado.  However, he was released from federal custody to state custody in Nebraska without being transported. Over a year later, on December 11, 2014, the arrest warrant was reissued.  Five months after that, on April 8, 2015, a writ was requested.  Over two years after he was indicted, on August 14, 2015, Mr. Cummings was again arrested for the instant offense.

2

Mr. Cummings faces charges in Nebraska and appears on writ.  He will return to Nebraska to resolve those matters after being sentenced here.  In late July of 2015 Mr. Cummings was granted personal recognizance bonds in Nebraska to allow him to "attend and participate in inpatient treatment for substance abuse as approved by Seekers of Serenity" with the condition that he return to custody upon discharge, voluntarily leaving, or successfully completing treatment.[1] **Attachment B** – Modifications of Bond Conditions and Appearance Bonds for Buffalo County, Nebraska, District Court Cases CR 15-94, CR 15-95, CR 15-114.  Mr. Cummings sought to enter the inpatient treatment program in an effort to resolve his cases in Nebraska.  Due to the arrest of Mr. Cummings for the instant offense in August of 2015, he was unable to be released for treatment as a condition of his bonds.

The parties reached their joint recommendation of 39 months imprisonment in exchange to Mr. Cummings' agreement not to pursue motions for dismissal based on post-indictment delay pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972), *Doggett v. United States*, 505 U.S. 647 (1992), and the Sixth Amendment of the United States Constitution, and suppression pursuant to the Fourth Amendment of the United States Constitution.  Furthermore, the joint recommendation addresses

---

[1] "Seekers of Serenity" is an inpatient substance abuse program administered by Behavioral Health Specialists Inc.  The program addresses "chemical dependency as a biopsychosocial illness that requires a holistic treatment approach . . . and  incorporates an abstinence model from alcohol/drug usage, a strong 12-step study and relapse prevention focus, use of cognitive/behavioral/affective interventions and family programming."

3

the fact that Mr. Cummings was unable to begin or complete inpatient drug treatment as a condition of the bonds in his Nebraska cases.

Wherefore, Mr. Cummings, through counsel and unopposed by the government, respectfully requests the imposition of a sentence of 39 months imprisonment followed by 3 years of supervised release.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Brian R. Leedy
BRIAN R. LEEDY
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Brian_Leedy@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I electronically filed the foregoing

## UNOPPOSED MOTION FOR A VARIANT
## SENTENCE OF 39 MONTHS IMPRISONMENT

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

>    Mark J. Barrett
>    Assistant U.S. Attorney
>    Email:  mark.barrett@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

>    Mr. Quincy Cummings  (U.S. Mail)

>    s/Brian R. Leedy
>    BRIAN R. LEEDY
>    Assistant Federal Public Defender
>    633 Seventeenth Street, Suite 1000
>    Denver, Colorado  80202
>    Telephone:  (303) 294-7002
>    FAX:  (303) 294-1192
>    Email:  Brian_Leedy@fd.org
>    Attorney for Defendant