CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. QUINCY CUMMINGS                    DKT. NO. 1:13CR00314-1

## PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Carlos Escobedo, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Quincy  Cummings, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on March 1, 2016.  The defendant was sentenced to 39 months imprisonment and 3 years supervised release for an offense of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Supervision commenced on February 8, 2018, and is set to expire on February 7, 2021.  As noted in the judgment [Document 46], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

On February 9, 2018, the conditions of supervised release were read and explained to the defendant, and he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them.  On this same date, he was administered a urine test which returned negative.

On February 13, 2018, the defendant was enrolled in urinalyses testing at Independence House South and also referred for a dual diagnosis evaluation.

On February 14, 2018, the defendant missed his random urine test at Independence House South.  On February 15, 2018, I instructed the defendant to report to the Probation Office to complete a make-up urine test.  He reported as instructed and submitted to a urine test, which tested presumptive positive for methamphetamine and cocaine.  The defendant readily admitted to illicit drug use and signed a written admission form.  He further admitted to using illicit drugs while in the Bureau of Prisons and struggling with an addiction to methamphetamine for the majority of his life.  I expressed my concern with the defendant and discussed long-term inpatient treatment options.

On March 1, 2018, the defendant reported to my office and was presented with a waiver of hearing to modify his conditions of supervise release and enter into a residential/inpatient treatment program to address his drug addiction.  The defendant was agreeable to the modification.  On this same date, he completed a phone interview with Stout Street Foundation Recovery Community long-term treatment program and was placed on a wait list.

On March 8, 2018, the defendant submitted a urine sample at Independence House South, which tested presumptive positive for amphetamines.  On March 19, 2018, the defendant reported to the Probation Office and admitted to using methamphetamine. He also signed a written admission form.  I verbally admonished the defendant for his drug use and instructed him to cease all illicit drug use.  The defendant agreed and stated, "Trust me, I am scared to use."

Given his recent violations and substance abuse history, I believe a long-term residential/inpatient treatment program will assist the defendant with addressing his addiction problems and hold him accountable for his actions.  The defendant has struggled with drug addiction for most of his life and has had some opportunities to address his issues.  The defendant has previously participated in a therapeutic community while serving a state prison sentence and in a two-week inpatient substance abuse treatment program while on supervision, but he is in need of more intense treatment to help him overcome his addiction problems at this time.  On March 22, 2018, the defendant entered into the Stout Street Foundation Recovery Community long-term treatment program.  This program will provide the defendant with the best opportunity to overcome his addiction problems and be successful in the community.

On March 1, 2018, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  Chief Assistant U.S. Attorney, Major Crimes Section, Bradley Giles was contacted and has no objection to the proposed modification.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of Supervised Release to include the following special condition:

1.  You must participate in and successfully complete a residential/inpatient treatment program as deemed appropriate by the probation officer, to commence as directed by the probation officer, and the defendant shall observe the rules of that facility.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Carlos Escobedo*

Carlos Escobedo
United States Probation Officer
Place:   Denver
Date:     March 27, 2018

*s/Edgar T. Ruiz*

Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:     March 27, 2018