CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. QUINCY CUMMINGS                                    DKT. NO. 1:13CR00314-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Carlos Escobedo, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Quincy Cummings, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on March 1, 2016. The defendant was sentenced to 39 months imprisonment and 3 years supervised release for an offense of Possession of a Firearm by a Previous Convicted Felon, in violation of 18 U.SC. §§ 922(g)(1) and 924(a)(2). Supervision commenced on February 8, 2018, and is set to expire on February 7, 2021. As noted in the judgment [Document 46], the Court ordered mandatory, special and standard conditions of supervision. Additionally, on March 27, 2018, the defendant's conditions were modified [Document 49]. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 15, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade B[1] violation of supervised release.

---

[1] U.S. v Rockwell, 984 F.2d 1112 (10th Circ) cert. denied, 113 S. Ct. 2945 (1993) equated drug use with drug possession.

U.S. v Robles, 447 Fed. Appx. 892 (10th Cir 2012) finding that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

21 USC § 844(a) has a recidivist enhancement that sets the maximum term of imprisonment at 2 years for anyone who possesses drugs following a conviction for any drug, narcotic, or chemical offense.

Mr. Cummings has qualifying prior drug convictions as noted in paragraphs 46 and 47 of the PSIR prepared in U.S. District Court, District of Colorado, Docket Number 1:13-cr-00314-RBJ-1.

USSG §7B1.1(a)(2) indicates that a Grade B violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.

App. Note 1 under USSG §7B1.1 provides instruction for applying the correct grade of violation based upon the conduct of the person being supervised. App. Note 5 under 7B1.4 references 18 USC 3583(g), which mandates revocation for possession of a drug.

Case No. 1:13-cr-00314-RBJ   Document 50   filed 05/25/18   USDC Colorado   pg 2 of 5

Quincy Cummings  
1:13CR00314-1

Petition for Warrant On Person Under Supervision  
Page 2

May 25, 2018

On February 15, 2018, I received notification that the defendant failed to attend his random urinalysis on February 14, 2018.  The defendant understood that he was required to call the urinalysis telephone line every day.  On the aforementioned date, he was required to provide a urinalysis but failed to do so.

On February 15, 2018, the defendant reported to the Probation Office as instructed and submitted a urine sample, which tested presumptive positive for amphetamine, methamphetamine, and synthetic marijuana.  When confronted, the defendant admitted to using methamphetamine and synthetic marijuana.  He stated, "I was chillen with some girl and she called over a friend who provided us with methamphetamine and synthetic marijuana."  The defendant signed an admission form.  On February 27, 2018, this sample was confirmed positive for methamphetamine by Alere Toxicology Services.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 15, 2018, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On February 15, 2018, I received notification that the defendant failed to attend his random urinalysis on February 14, 2018.  The defendant understood that he was required to call the urinalysis telephone line every day.  On the aforementioned date, he was required to provide a urinalysis but failed to do so.

On February 15, 2018, the defendant reported to the Probation Office as instructed and submitted a urine sample, which tested presumptive positive for amphetamine, methamphetamine and synthetic marijuana.  On February 27, 2018, this sample was confirmed positive for cocaine by Alere Toxicology Services.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 8, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On or about March 8, 2018, the defendant submitted a urine sample at Independence House South, which tested positive for amphetamines.  On March 25, 2018, this sample was confirmed positive for methamphetamine by Alere Toxicology Services.

On March 19, 2018, the defendant reported to the probation office to discuss his recent methamphetamine use.  When confronted, the defendant admitted using methamphetamine on or about March 8, 2018.  The defendant signed an admission form.

Case No. 1:13-cr-00314-RBJ   Document 50   filed 05/25/18   USDC Colorado   pg 3 of 5

Quincy Cummings  
1:13CR00314-1
Petition for Warrant On Person Under Supervision  
Page 3
May 25, 2018

4. **THE DEFENDANT FAILED TO COMPLY WITH SPECIAL CONDITION: YOU MUST PARTICIPATE IN AND SUCCESSFULLY COMPLETE A RESIDENTIAL/INPATIENT TREATMENT PROGRAM AS DEEMED APPROPRIATE BY THE PROBATION OFFICER, TO COMMENCE AS DIRECTED BY THE PROBATION OFFICER, AND THE DEFENDANT SHALL OBSERVE THE RULES OF THAT FACILITY.**

On or about May 21, 2018, the defendant failed to successfully complete the Stout Street Foundation Residential Treatment Program (SSF) by being unsuccessfully discharged from the program. This constitutes a Grade C violation of supervised release.

On or about March 22, 2018, I instructed the defendant to participate in the SSF program. On May 21, 2018, I received notification from SSF staff that the defendant was discharged from the program. On May 22, 2018, I was contacted via telephone by the defendant reporting that he was discharged from the SSF program. I instructed the defendant to report to the probation office to discuss his discharge from SSF. When confronted about being discharged from the program, the defendant reported he was discharged from the program for having a cellphone. I asked the defendant if he knew that having a cell phone was considered contraband and against SSF's rules, to which he replied, "yes." The defendant admitted to having a coworker purchase him a cell phone and to having a SSF resident hide it for him. The defendant further reported that there were certain text messages between him and a female coworker that discussed the potential harm to another SSF resident. According to the defendant, his coworker did not get along with a certain resident at SSF. I voiced my concerns regarding the seriousness of him conspiring with another individual to potentially harm another SSF resident and advised him that I would reach out to SSF staff to obtain further information.

On this same date, I spoke with Vice President of Programming Nicholas Petrucelli with SSF for the purpose of discussing the defendant's discharge from the program. According to Mr. Petrucelli, his staff was notified that the defendant was in possession of a cell phone (this is a rule violation; residents are not allowed to have personal telephones). Upon being confronted, the defendant admitted to having a cell phone and stated that another resident was holding the cell phone for him. He also admitted to having a coworker at his job purchase him a cell phone.

Mr. Petrucelli further reported that there was also a concerning text message conversation between the defendant and a coworker regarding a plan to physically harm a resident within SSF. Mr. Petrucelli reported that the defendant was a co-conspirator in a well thought out plan to harm a resident; however, he could not elaborate on the nature of the plan due to their ongoing investigation. Mr. Petrucelli relayed given the seriousness of the situation and the defendant's participation as a co-conspirator, the decision was made to discharge him from the SSF program.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant reverted to methamphetamine use seven days after being released from a 39-month imprisonment sentence. We also have records that indicate his drug use continued while he was in the BOP. Based on this, he was instructed to participate in the SSF program to address his serious substance abuse problems. The defendant was ultimately rejected from continuing in the SSF program after he violated certain rules, which included him conspiring to inflict harm against another SSF resident. The defendant has a long criminal history related to assaultive behavior, which is concerning when he is not in the right state of mind by using illicit drugs. If he remains in the community without the assistance of a highly structured community program and/or an inpatient treatment program, it is likely he will revert to methamphetamine use. He is currently deemed a risk of danger to the community and to himself; therefore, a warrant is recommended.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Carlos Escobedo*
Carlos Escobedo
United States Probation Officer
Place:   Denver
Date:    May 25, 2018

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:    May 25, 2018

Case No. 1:13-cr-00314-RBJ   Document 50   filed 05/25/18   USDC Colorado   pg 5 of 5

| | | |
|---|---|---|
| Quincy Cummings<br>1:13CR00314-1 | Petition for Warrant On Person Under Supervision<br>Page 5 | May 25, 2018 |

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 21 to 27 months; however, 24 months is the statutory maximum.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community based on his prior arrests for harassment–strike/shove/kick, assaults, possession of a deadly weapon–prohibited person, and domestic violence.  Furthermore, while in an inpatient treatment program, the defendant knowingly conspired with another individual to inflict physical harm against another person.  Given the defendant's recent admitted use of methamphetamine and above described violations, the Probation Office believes the defendant is not only a danger to the community but to himself as well.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.