IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00314-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUINCY CUMMINGS,

        Defendant.

_____

**DEFENDANT'S OBJECTION TO GRADE B VIOLATION**
_____

COMES NOW the Defendant, Quincy Cummings, by and through his attorney of record, Edward R. Harris, Assistant Federal Public Defender, and objects to the allegations in the Petition being treated as a Grade B Violation for the reasons stated herein.

**Objection No. 1: Personal Use of Drugs is Not a Grade B Violation**

*Introduction: The Law Does Not Support a Grade B Violation*

The Petition in this case charges personal use of drugs as a Grade B Violation. This is an attempt to bootstrap what has for decades been a Grade C violation into a Grade B violation through the application of legal gymnastics would leave Simone Biles jealous.  Although personal drug use while on supervised release has always been considered a Grade C violation, recently Probation has been alleging these violations as Grade B violations.

Probation has justified its B violation gambit as legally required by *United States v. Rockwell*. Probation's flawed theory rests upon a tortured series of cascading suppositions, all of which must be true to bootstrap the violation grade. Their theory is: (1) *if* Mr. Cummings could be charged with simple possession of methamphetamine based on a dirty urine analysis; AND (2) *if* Mr. Cummings would then *actually* be charged in federal court with a 21 U.S.C. § 844 offense; AND (3) *if* then the federal prosecutor who decided to pursue § 844 charges based on a dirty urine analysis also decided to file a § 851 enhancement; AND (4) *if* Mr. Cummings was not successful in challenging the § 851 enhancement then, *hypothetically*, Mr. Cummings' conduct could be construed as a federal offense punishable by more than one year – constituting a Grade B Violation.

This "hypothetical approach," based upon cascading suppositions, simply is not the law. It has been squarely rejected by the Supreme Court in a different but analogous context, nor is it supported by Tenth Circuit case law.[1]

*The Hypothetical Approach*

In *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), the government unsuccessfully argued that Mr. Carachuri's Texas misdemeanor convictions for simple possession of marijuana and an antianxiety tablet were, hypothetically, aggravated felonies for immigration purposes. That argument is identical to Probation's Grade B argument with respect to personal use supervised release violations. The government

---

[1] *United States v. Rockwell*, 984 F.2d 1112 (10th Cir. 1993) simply stands for the proposition that admitted "use" can be treated as "possession" for purposes of 18 U.S.C. § 3583(g). *Rockwell* says nothing about whether "use" can be "hypothetically" transformed into conduct constituting a felony offense for purposes of a Grade B Violation. Furthermore, *Robles*, an unpublished opinion with no precedential value, merely held that classifying "use" as a Grade B Violation, if an error, was not *plain*.

asserted in *Carachuri-Rosendo* that the Court should construe the "conduct punishable as a felony" language as the equivalent of a felony conviction because the underlying conduct *could have been* a felony under federal recidivist laws. *Id*. at 565. It asserted that (hypothetically) *if* Mr. Carachuri had been charged in federal court, instead of Texas state court, he *could have* been the subject of a § 851 enhancement, thus *potentially* subjecting him to punishment in excess of one year. *Id*. at 570. The Supreme Court found this argument "unpersuasive." *Id*. at 576.

In rejecting this "hypothetical felony" argument, the Court noted that Congress chose to authorize only a one-year sentence for nearly all simple possession offenses, but created a narrow exception for those cases in which prosecutors *elect* to charge a defendant as a recidivist *and* the defendant receives notice and an opportunity to challenge the enhancement. *Id*. at 577-578 ("[f]or federal law purposes, a simple possession offense is not 'punishable' as a felony unless a federal prosecutor first elects to charge a defendant as a recidivist…") *Id*. at 578.

Supervised release violations, by analogy, should not be treated differently.[2] Without the required procedural safeguards being met first, simple possession is not conduct punishable in excess of one year and, as such, is not a Grade B Violation.

---

[2] Defendant acknowledges that a few other courts have considered and rejected application of Carachuri to supervised release violations. *See United States v. Wynn*, 786 F.3d 339, 343 (4th Cir. 2015); *United States v. Seiber*, 516 F. App'x 208, 214 (3d Cir. 2013); *United States v. Brown*, 495 F. App'x 300, 304 (4th Cir. 2012). The Tenth Circuit has not considered the issue, however, and Defendant rejects the reasoning of those decisions as unpersuasive. Furthermore, *United States v. Robles*, 447 F. App'x 892 (10th Cir. 2012) (unpublished) is an unpublished opinion with no precedential value which merely held that classifying "use" as a Grade B Violation, if an error, was not *plain*.

Indeed, Probation's "hypothetical approach" just like the government's approach in *Carachuri-Rosendo,* would render meaningless the procedural safeguards written into § 851 that (1) leave it to the discretion of the actual prosecutor whether to request the enhancement in the first place; (2) then require advance written notice by the government to the Defendant; and (3) then allow the Defendant the opportunity to challenge the requested sentencing enhancement. *Id.*

To ignore all of these safeguards and allow a federal court to find "hypothetically" that the alleged conduct was subject to a recidivist enhancement (that does not actually exist) would "denigrate the independent judgment of prosecutors to execute the laws of those sovereigns." *Id.* This is no less true in a supervised release context.

Probation's position is also fatally undercut by another unwarranted assumption Probation makes: that the government could charge and convict Mr. Cummings for simple possession under 21 U.S.C. § 844 based on a dirty urine analysis. They cannot. *See United States v. Reichenbach*, 29 M.J. 128, 138 and footnote 10 (1989) (discovery of a drug in a person's blood is circumstantial evidence tending to show prior possession of the drug, but it is not sufficient evidence to establish guilt beyond a reasonable doubt);  *State v. Harris*, 178 N.C.App. 723 (2006) (a positive urine test for cocaine and marijuana, without more, did not support convictions for simple possession).  *See also* cases cited therein*. Id.* at 725-727.

Simply put, Mr. Cummings objects to Probation's tortured and unsupported "hypothetical approach to converting a Grade C to a Grade B violation.  Concededly, Probation can show that Mr. Cummings *used* methamphetamine.  The "hot" drug tests provide circumstantial evidence supporting that *use.*   However, the tests do not provide

grounds for a federal prosecution.  Further, even assuming *arguendo* that they did constitute a federal offense, that offense would be simple possession – which, absent § 851's procedural hurdles first being cleared by a federal prosecutor and any challenges by Mr. Cummings being ultimately denied, is not a Grade B Violation.  Mr. Cummings' prior *use* of methamphetamine is a Grade C violation, resulting in an advisory guideline range of 8 to 14 months.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    /s/ Edward R. Harris
    EDWARD R. HARRIS
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email: edward.harris@fd.org
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Mark J. Barrett, Assistant United States Attorney
　　　　Mark.Barrett@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Quincy Cummings　　　　*via U.S. mail*

　　　　　　　　　　　　s/ Edward R. Harris
　　　　　　　　　　　　Edward R. Harris
　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　633 17th Street, Suite 1000
　　　　　　　　　　　　Denver, CO  80202
　　　　　　　　　　　　Telephone:  (303) 294-7002
　　　　　　　　　　　　FAX:  (303) 294-1192
　　　　　　　　　　　　Edward_Harris@fd.org
　　　　　　　　　　　　Attorney for Defendant

6