CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. QUINCY CUMMINGS          DKT. NO. 1:13CR00314-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Carlos Escobedo, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Quincy Cummings, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on September 11, 2018.  The defendant was sentenced to 6 months' imprisonment and 2 years' supervised release for violations of supervised release related to his original conviction for the offense of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 46 and 69, Judgement in a Criminal Case and Judgement for Revocation of Supervised Release). Supervision commenced on November 28, 2018, and is set to expire on November 27, 2020.  As noted in the judgment and order modifying conditions of release [Document 71], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about December 1, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade B[1] violation of supervised release.

---

[1] U.S. v Rockwell, 984 F.2d 1112 (10th Circ) cert. denied, 113 S. Ct. 2945 (1993) equated drug use with drug possession. U.S. v Robles, 447 Fed. Appx. 892 (10th Cir 2012) finding that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

21 USC § 844(a) has a recidivist enhancement that sets the maximum term of imprisonment at 2 years for anyone who possesses drugs following a conviction for any drug, narcotic, or chemical offense. Mr. Cummings has qualifying prior drug convictions as noted in paragraphs 46 and 47 of the PSIR prepared in U.S. District Court, District of Colorado, Docket Number 1:13-cr-00314-RBJ-1.

USSG §7B1.1(a)(2) indicates that a Grade B violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. App. Note 1 under USSG §7B1.1 provides instruction for applying the correct grade of violation based upon the conduct of the person being supervised.  App. Note 5 under 7B1.4 references 18 USC 3583(g), which mandates revocation for possession of a drug.

On December 14, 2018, the defendant report to the probation office for the purpose of discussing his recent methamphetamine use. When confronted, the defendant admitted using methamphetamine on the first day he was released from custody on November 28, 2019. He further reported he got high with one of his residential reentry center (RRC) roommates.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 28, 2019 and April 8, 2019, respectively, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On March 28, 2019, the defendant reported to Independence House South and provide a urine sample, which tested presumptive positive for amphetamines.

On April 4, 2019, I received an email reporting the urine screen on March 28, 2019, tested positive for amphetamines. On this same date, I spoke with the defendant telephonically and he admitted to "snorting a line" of methamphetamine while hanging with friends. On April 8, 2019, the defendant reported to the probation office and signed an admission for admitting to using methamphetamine on March 28, 2019, and April 8, 2019. During this meeting, the defendant was sweating profusely and did not appear well. When asked how he felt, he replied, "I feel buzzed. I used over the weekend and prior to today's meeting."

3. **ASSOCIATION WITH A PERSON INVOLVED IN CRIMINAL ACTIVITY**

On or about March 28, 2019, the defendant associated with Rondale L. Sudduth, a person who was engaged in criminal activity, namely by using illicit drugs, which constitutes a Grade C violation of supervised release.

On April 4, 2019, I spoke with the defendant telephonically and he admitted to associating with Rondale L. Sudduth on March 28, 2019, during which time he was riding in a vehicle with Mr. Sudduth and snorting methamphetamine together, which is illegal. The defendant further reported Mr. Sudduth is a gang member with the Park Hill Blood gang. A records check conducted on Mr. Sudduth yielded prior felony convictions for drugs and theft. Further investigative information lists Mr. Sudduth involvement with the Park Hill Blood Gang and lists his gang moniker as Lil Slow.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.  On September 11, 2018, the defendant appeared before Your Honor for a violation hearing.  The defendant's term of supervised release was revoked, mainly due to violations for drug use, and he was granted a lenient sentence in hopes that he would learn from his mistakes and be successful on supervision.  The Probation Office attempted to give the defendant a structured environment during his second term of supervision by placing him in a RRC until he was accepted into an inpatient treatment program to address his addiction needs.  The defendant was released from the Bureau of Prisons (BOP) on November 28, 2018, and he reverted to using methamphetamine on the same day.  The Probation Office quickly referred him for inpatient treatment services, which he successfully completed on or about March 5, 2019.  After completion of an inpatient program, the defendant was referred for intensive outpatient substance abuse treatment services; however, by March 28, 2019, the defendant again reverted to methamphetamine use and admitted binging on methamphetamine prior to a scheduled office visit with this officer on April 8, 2019.  Thus, the defendant's continued illicit drug use combined with his association with a known gang member/felon, who is using/possessing dangerous drugs, presents a risk of danger to the community; therefore, a warrant is recommended.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Carlos Escobedo*
  Carlos Escobedo
  United States Probation Officer
  Place:   Denver
  Date:    April 9, 2019

*s/Edgar T. Ruiz*
  Edgar T. Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    April 9, 2019

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 21 to 27 months; however, 24 months is the statutory maximum.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community based on his extensive criminal history related to assaultive behavior, which is concerning when he is not in the right state of mind by using illicit drugs.  Despite participating in weekly individual treatment, weekly moral reconation therapy, and successfully completing an inpatient treatment program, the defendant continues to ingest illicit drugs and associate with at least one known gang member. Given the defendant's recent admitted use of methamphetamine and above described violations, the Probation Office believes the defendant is not only a danger to the community but to himself as well.  For these reasons, the defendant should be detained pending a violation hearing. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.