IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00314-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Quincy Cummings,

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before me for a Detention Hearing and Preliminary Revocation hearing on April 17, 2019, following the defendant's arrest on alleged violations of his supervised release. The government requested detention in this case. Mr. Cummings, through appointed counsel, sought release on bond. I have considered the contents of the Petition for Warrant on Person under Supervision and the entire docket, heard arguments of counsel, and taken live testimony from Mr. Cumming's mother.

Pursuant to Fed. R. Crim. Pro. 32.1(a)(6), I may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. The

burden of establishing that a defendant will not flee or pose a danger to any other person or to the community rests with the defendant. *See* Rule 32.1(a)(6). The defendant must prove this by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

>completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Petition for Warrant on Person Under Supervision, filed April 9, 2019 by Mr. Cummings' Probation Officer, indicates that Mr. Cummings has a methamphetamine addiction that he cannot break. In September 2018, he was sentenced to six months in prison and 2 years' supervised release for violations of his supervised release related to his original conviction for felon in possession of a firearm. Supervision commenced on November 28, 2018 and is set to expire on November 27, 2020.

Unfortunately, despite having been given chance after chance, and various tools to prevent a relapse, Mr. Cummings continues to use illegal drugs, specifically methamphetamine. He admitted to his Probation Officer using meth on the first day he was released from custody on November 28, 2018. He also admitted getting high with one of his residential reentry center roommates.

Despite participating in two separate therapy programs, on March 28, 2019 and again on April 8, 2018, he again was using methamphetamine.

3

He admitted to his Probation Officer that he had snorted a line of meth while hanging out with friends. And at an April 8, 2019 meeting with his Probation Officer, he appeared to be under the influence, and was sweating profusely. Mr. Cummings admitted at that meeting that he felt "buzzed," and that he had used meth over the weekend and also just prior to meeting with his Probation Officer.

When, on September 14, 2018, Judge Jackson gave Mr. Cummings his six-month sentence for his prior violation of terms of his supervised release, the Court ordered that he participate in and successfully complete a residential/inpatient treatment program as deemed appropriate by the probation officer. Mr. Cummings was also ordered to participate in a cognitive behavioral treatment program as directed by the probation officer. The probation office attempted to give Mr. Cummings a structured environment by placing him in the halfway house until he was accepted into an inpatient program. But after completion of the in-patient program, and while actually attending his outpatient program, the defendant again reverted to methamphetamine use.

In addition, in connection with his methamphetamine use, Mr. Cummings appears to be consorting with old friends who are known gang

members, traveling in a vehicle with a known gang member and snorting methamphetamine together with that gang member.

Mr. Cummings seeks to be released on bond, into the custody of his mother, and agrees to be subject to GPS tracking. Mr. Cummings' mother testified at the detention hearing that if he were to be released, he would continue to live with her. She also testified credibly that if he regressed and started using drugs while in her custody she would report him to his probation officer. She also testified that she believed he would be less likely to use drugs while staying with her under her supervision, than previously, when he was in the half-way house. The defense provided evidence via a proffer that Mr. Cummings is a father and a grandfather, and he is involved with the lives of his children and grandchildren. The defense also provided evidence via proffer that Mr. Cummings is employed full-time and would be able to return to that job if released.

Despite these positive aspects of Mr. Cummings life, and despite the credible testimony of Mr. Cummings' mother, I do not find that Mr. Cummings has shown by clear and convincing evidence that his release would not constitute a danger to the community or to himself. I am not persuaded that Mr. Cummings will be able to stay away from methamphetamine if he were

to live with his mother. He was unable to stop using while in on-going therapy and while in the structured environment of the residential re-entry center.

I do believe that continued use of methamphetamine represents a danger to the community—specifically to Mr. Cummings' family members. The proffer was that Mr. Cummings has tried to stay involved in the lives of his children and grandchildren. But continued use of methamphetamine places his children and grandchildren in proximity to dangerous illegal drugs. In addition, there is no assurance that Mr. Cummings would not endanger his children, grandchildren or other family members if he is high in their presence. Mr. Cummings' judgment about when and where he uses methamphetamine is obviously not very good, as demonstrated by his using methamphetamine immediately before meeting with his probation officer. In addition, in order to feed his methamphetamine habit, Mr. Cummings must necessarily come in regular contact with suppliers or other users of methamphetamine—as shown by his contact with a known gang member with whom he was using methamphetamine. This also represents a danger to the safety of the community.

6

I recognize that Mr. Cummings has been under unusual stresses lately, including the deaths of a childhood friend and the daughter of his girlfriend. But while these stresses may provide an explanation for his continued use of methamphetamine, they do not provide an excuse, nor do they provide any convincing evidence that he will not continue to use if he is released pending his revocation hearing.

In sum, the defendant has not met his burden of proving by clear and convincing evidence that he would not pose a danger to the safety of the community if he were released pending his revocation hearing. I will order the defendant detained.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections

facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: April 19, 2019

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge